NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2707
_____

JIA XUN WANG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-670-349)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2012

Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Filed November 2, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Petitioner Jia Xun Wang, a citizen of China, petitions for review of a decision of

the Board of Immigration Appeals (BIA).  For the reasons below, we will deny the

petition for review.

Wang entered the United States in April 2006, and was charged as removable as an alien present in the United States without being admitted or paroled. Wang conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Wang claimed that he would be persecuted if returned to China on account of his resistance to China's family planning policies and would be tortured for his illegal departure.

At a hearing before an Immigration Judge (IJ), Wang testified that his wife was forcibly aborted in May 1991 because Wang was not of legal marriage age. Wang stated that when he tried to prevent the officials from removing his wife, they pushed him to the ground and cursed at him. In 1994, after obtaining a marriage certificate and birth permit, Wang's wife gave birth to their daughter. Three months later, officials forced his wife to have an IUD inserted. Wang asserted that if returned to China, he will face persecution, including detention and fines for his resistance to the birth control policy and for illegally leaving China and being smuggled into the United States.

The IJ denied relief. He first found that, even assuming Wang departed China illegally, he was not eligible for relief based on his fear of prosecution for a fairly administered law. The IJ also determined that Wang had failed to demonstrate that he had personally suffered harm at the hands of family planning officials rising to the level of persecution. The IJ noted that Wang did not have any contact with family planning officials between 1994 and when he left the country in 2006, thus concluding that he did not have a well-founded fear of future persecution.

2

Wang appealed. The BIA agreed that being knocked down by birth control officials did not constitute persecution and that Wang had not shown a likelihood of being subjected to imprisonment and torture in China. The BIA dismissed the appeal, and Wang filed a timely petition for review. We have jurisdiction under 8 U.S.C. § 1252.

Wang argues that he has met the requirements for asylum, withholding of removal, and relief under the CAT. To establish eligibility for asylum, Wang needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in China on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the CAT, he needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2). We may not reverse the BIA's decision unless the record evidence would compel a reasonable fact-finder to conclude that Wang had met his burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Wang argues that his wife suffered an abortion and the forcible insertion of an IUD. However, spouses of those persecuted by coercive population control policies are not automatically eligible for asylum. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). A spouse remains eligible for relief if he qualifies as a refugee based on his own persecution or well-founded fear of persecution for "other resistance"

3

to a coercive population control program.  Id.  Wang asserts that he demonstrated "other resistance" to China's family planning policy.  The BIA properly concluded that the fight with the officials that led to him being thrown to the ground did not rise to the level of persecution or establish a well-founded fear of future persecution.  See Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) (persecution denotes "extreme conduct," including "threats to life, confinement, torture and economic restrictions so severe that they constitute a threat to life or freedom.").  Wang's encounter with officials did not result in the need for serious medical treatment.  Additionally, the BIA's conclusion that he had failed to establish a well-founded fear of persecution is supported by the record, because Wang was not bothered by officials for the twelve years prior to him leaving the country.

Wang argues that the Chinese government sought to sterilize him but that he refused and fled.  However, the only evidence in the record he cites in support of that argument is his brief, vague testimony on cross-examination:

> Government:  Were you ever personally forced to undergo any type of sterilization procedure?
>
> Wang:  Yes.
>
> Government:  You?  You, yourself, not your wife.
>
> Wang:  They requested.  My wife won't let me, therefore I flee.

A.R. at 124.  This allegation was not made in the asylum application, brought up on direct examination, or developed on redirect.  Although he states in his brief that he received a sterilization order, Wang does not point to any documentary evidence in

4

support.[1]  Moreover, Wang did not make this argument before the BIA, and it is unexhausted.  A.R. at 24-31.  We lack jurisdiction to review unexhausted arguments. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

Wang also argues that he will be tortured in China for his illegal departure.  He contends that he testified and submitted evidence to prove this.  However, he does not cite to any evidence in the record for support.  In his brief before the BIA, he cited to a newspaper article describing the repatriation of over a hundred Chinese aliens.  The unidentified author of the article stated that the aliens were punished with a fine and some were kept until a relative paid the fine for them.  The author did not allege that any of the returning aliens were beaten or tortured.  A.R. at 175-76.  See e.g. Wang v. Ashcroft, 368 F.3d 347, 350-51 (3d Cir. 2004) (substantial evidence supported BIA's determination that repatriated Chinese alien would likely not face torture for illegal departure).

Wang has not shown that the record compels a finding that he will be tortured if removed to China or persecuted under the family planning policy.  Accordingly, we will deny the petition for review.

---

[1] In a letter, Wang's father mentioned the forced abortion but not the fight with birth control officials or the alleged threat of sterilization.  A.R. at 139.  Wang's wife also did not mention the fight or possible sterilization.  A.R. at 129-30.